STATE OF NEBRASKA, EX REL. JOHN L. CROSSLEY, V. P. O. HEDLUND.

1. **Township Organization:** TERMS OF COUNTY OFFICERS. The adoption of township organization by a county does not shorten the term of office of county judge, clerk, treasurer, sheriff, superintendent of public instruction, or coroner.

2. ———: CONSTRUCTION OF STATUTE. The words "at the first general election after the adoption of township organization," in sec. 7 of the election law, mean the first general election at which county officers are to be chosen.

ORIGINAL application for mandamus to compel respondent as county clerk of Phelps county, a county in which township organization was adopted in 1883, to include in

notices of election about to be published, etc., as officers to be voted for Nov. 4, 1884, "one county judge, one sheriff, one coroner, one county treasurer, one county clerk, one county surveyor, and one county superintendent of public instruction."

*Samuel J. Tuttle,* for relator.

*Lamb, Ricketts & Wilson,* for respondent.

MAXWELL, J.

The question involved in this case is whether or not in counties under township organization county officers are to be elected at the general election in November, 1884.

Sec. 1 of the act to provide a general election law, which took effect Sept. 1, 1879 (Comp. St., chap. 26), provides that "The general election of this state shall be held on Tuesday succeeding the first Monday of November of each year." Sec. 2 provides that "all state, district, county, precinct, and township officers, by the constitution and laws made elective by the people, except school district officers and municipal officers in cities and villages, shall be elected at a general election to be held at the time provided in the preceding section."

Sec. 7 provides that county officers shall be elected in 1879, and every second year thereafter. It is also provided that in counties under township organization certain county officers named shall be elected at the first general election held after the adoption of township organization, and every second year thereafter.

The provision in regard to counties under township organization was prospective in its operation, as at the time of the passage of the election law there was not a county in the state organized in that manner. The provision of the statute for an election in the year 1879 therefore could not have been intended to apply to such counties.

We have, therefore, a plain provision of the statute that, commencing with 1879, the county judge, county clerk, and the other officers named shall be elected, and that such officers should be elected every second year thereafter. The statute does not declare that in counties adopting township organization the county officers named shall hold their offices for but one year. And unless it is clear that such was the intention of the legislature we have no right to shorten the terms for which such officers were elected. Such intention does not appear. It is apparent too, from the act itself, that it was not intended to destroy the uniformity in the election of county officers in the several counties that has prevailed from the organization of the state. We are therefore of the opinion that the words "the first general election after the adoption of township organization," in section 7 of the election law, refer to the first general election at which the county officers named are to be elected, which would be in November, 1885.

Sec. 15, Art. 6 of the constitution, provides that "there shall be elected in and for each organized county one judge, who shall be judge of the county court of such county, and whose term of office shall be two years." County judges were elected in October, 1875, and every second year thereafter until and including 1883. The legislature possesses no power to change the year in which such elections are to be held, nor shorten the term of office. Now, as county judges are included with the officers named to be elected at the next general election after the adoption of township organization, it is to be presumed that the time intended was that at which an election for county judges would take place. It is very clear that none of the county officers named are to be elected in the year 1884. The writ is therefore denied and the proceedings dismissed.

JUDGMENT ACCORDINGLY.

THE other judges concur.